IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02658-RTG

**YELYZAVETA DEGTIAROVA,**
Plaintiff, *pro se,*

v.

**JPMORGAN CHASE BANK, N.A.,**
Defendant.

---

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

---

Plaintiff, appearing *pro se*, respectfully moves this Court for leave to file a Sur-Reply in opposition to Defendant's Motion to Dismiss, pursuant to D.C.COLO.LCivR 7.1(d) and the Court's inherent authority to permit additional briefing where necessary to ensure a fair and complete record.

**I. INTRODUCTION**

Defendant's Reply raises new factual assertions and legal arguments that were not addressed in its original Motion to Dismiss and that could not have been anticipated in Plaintiff's Opposition.

Defendant's reply introduces new factual assertions and arguments regarding the applicability of the Russian court order and Chase Bank's contractual obligations under U.S. law. Plaintiff respectfully requests leave to file a short sur-reply limited to those new matters. Plaintiff does not re-argue previously briefed issues and limits this filing to new matters raised for the first time in Defendant's Reply.

**II. LEGAL STANDARD**

1

Although sur-replies are not routinely permitted, courts in this District allow them when a reply brief raises new arguments or evidence to which the opposing party has had no prior opportunity to respond. See *Green v. New Mexico, 420 F.3d 1189, 1196 (10th Cir. 2005)* (court may allow a sur-reply when fairness so requires).

District courts possess broad discretion to permit a sur-reply to ensure that issues are resolved on a complete and balanced record.

### III. ARGUMENT

Defendant's Reply advances new arguments not contained in its Motion to Dismiss, including:

1. A new waiver/abandonment theory — asserting for the first time that Plaintiff "failed to substantively respond" to certain claims and therefore abandoned them, and citing waiver case-law not previously raised.

2. A new UCC Article 4A argument — claiming that Plaintiff "did not negate" the applicability of UCC § 4-4.5-503 and that JPMorgan Moscow lawfully "restrained funds for proper cause," which was not argued in the Motion to Dismiss.

3. A new currency-conversion justification — asserting that Chase cannot release the funds because rubles "must be sold in Russia" and this sale would violate the Russian freeze order, a theory absent from the Motion to Dismiss.

4. Expanded contractual-authority argument — newly asserting that specific Deposit Account Agreement provisions authorized the freeze, and that Plaintiff failed to offer an alternative interpretation, which was not previously briefed.

2

5. A new economic-loss/UCC preemption expansion — arguing that Plaintiff conceded preemption and economic loss by not discussing them in the Opposition, and reframing these defenses as "concessions" rather than arguments requiring rebuttal.

These arguments were not raised in Defendant's initial Motion and therefore could not have been addressed in Plaintiff's Opposition. A Sur-Reply is necessary to correct the record and respond to these newly-asserted theories.

## IV. A SUR-REPLY WILL ASSIST THE COURT AND CAUSE NO DELAY.

The proposed Sur-Reply will be concise and will address only the new arguments presented in Defendant's Reply.

Granting leave will not delay proceedings or prejudice Defendant but will ensure that the Court receives full and fair briefing before issuing its decision.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Sur-Reply in opposition to Defendant's Motion to Dismiss and direct the Clerk to accept it for filing.

**Respectfully submitted,**
Dated: October 31, 2025

/s/ Yelyzaveta Degtiarova
Plaintiff, Pro Se
925 N. Lincoln St., Apt. 11H
Denver, CO 80203
(720) 388-5536
Natasha.wig17@gmail.com

3

**Attachments:**

**Exhibit A**: Plaintiff's Sur-Reply in Opposition to Defendant's Motion to Dismiss

**Exhibit B**: Certified English translation of the Russian court clarification order

**Exhibit C**: Certified English translation of Plaintiff's Payment Order

**Exhibit D:** Certified English translation of official correspondence from JPMorgan Bank International (Moscow)

## CERTIFICATE OF TYPE-VOLUME LIMITATION COMPLIANCE

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in

Judge Domenico's Practice Standard III(A)(1).

/s/ Yelyzaveta Degtiarova

Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, I filed the foregoing *Motion for Leave to File a Sur-Reply* with the Clerk of Court using the CM/ECF system, which will send notification to Defendant's counsel of record.

/s/ Yelyzaveta Degtiarova
Plaintiff, Pro Se